Robert S. Fischler (RF 0990)
ROPES & GRAY LLP
45 Rockefeller Plaza
New York, New York  10111
Telephone: (212) 841-5700

Attorneys for Defendants
and Counterclaim-Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
STONE & YOUNGBERG LLC,                                           :
                                                                 :
                                      Plaintiff,                 :
                                                                 :
             -against-                                           :   05 CV 2614 (RJH)
                                                                 :
SCHRODER INVESTMENT MANAGEMENT                                   :
NORTH AMERICA, INC., SCHRODER SERIES                             :   **ANSWER AND**
TRUST AND SCHRODER SHORT-TERM                                    :   **COUNTERCLAIM**
MUNICIPAL BOND FUND,                                             :
                                                                 :
                                      Defendants.                :
-----------------------------------------------------------------x

## ANSWER

Defendants Schroder Investment Management North America, Inc. ("SIMNA"), Schroder Series Trust, and Schroder Short-Term Municipal Bond Fund (collectively, "Schroder"), for their Answer in the above-referenced action, respond to each numbered paragraph of Plaintiff's Complaint as follows:

1.     Schroder denies the allegations contained in paragraph 1 of the Complaint, except admits that SIMNA has refused to accept delivery of COPS from S&Y. As to the allegations contained in paragraph 1 purporting to characterize the nature of the action brought by Plaintiff, no response is required.

2. Schroder denies the allegations in paragraph 2 of the Complaint, except denies knowledge or information sufficient to form a belief as to the current value of the COPS.

3. Schroder denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Schroder denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, except admits that SIMNA is a Delaware corporation with its principal place of business in New York, Schroder Series Trust is a Massachusetts business trust with its principal place of business in New York, and Schroder Short-Term Municipal Bond Fund is a series of Schroder Series Trust with its principal place of business in New York.

5. Schroder denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, except admits that Schroder is located in this judicial district.

6. Schroder denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Schroder denies the allegations contained in paragraph 7 of the Complaint, except admits that SIMNA is a Delaware corporation and an SEC-registered investment adviser; SIMNA was established to manage international equity and domestic equity and fixed income portfolios for North American clients, high net worth individuals, and institutional investors; SIMNA is a wholly owned subsidiary of Schroder US Holdings Inc., which is an indirect wholly owned subsidiary of Schroders plc, a global asset management company offering asset management services to clients in the U.S. and Canada; and that the principal place of business of SIMNA is New York, New York.

8. Schroder admits the allegations contained in paragraph 8 of the Complaint.

9. Schroder denies the allegations contained in paragraph 9 of the Complaint, except admits, on information and belief, that S&Y provides brokerage services.

10. Schroder denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Schroder denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, except admits that SIMNA informed S&Y that it would be willing to pay $103.30 per $100 face value of the COPS.

12. Schroder denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, except admits that it communicated with S&Y that it was willing to pay $103.30 per $100 face value of the COPS.

13. Schroder denies the allegations contained in paragraph 13 of the Complaint, except admits that SIMNA placed an order for COPS.

14. Schroder denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, except admits that SIMNA designated the Fund as its account to which the COPS were to be allocated.

15. Schroder admits that settlement of a transaction between SIMNA and S&Y concerning COPS on January 19, 2005 was set for January 24, 2005, consistent with industry practice.

16. Schroder denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Schroder denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Schroder denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, except admits that the lease termination materially affected the price an informed buyer would be willing to pay for the COPS.

19. Schroder denies the allegations contained paragraph 19 of the Complaint, except admits that SIMNA served as advisor to and manager of a trust that held COPS as of the date of the Notice.  Schroder respectfully refers the Court to the Notice for the contents thereof.

20. Schroder denies the allegations contained in paragraph 20 of the Complaint, except admits that SIMNA learned of the Notice after giving S&Y an order for COPS on January 19, 2005.

21. Schroder denies the allegations in paragraph 21 of the Complaint.

22. Schroder repeats and realleges its responses to the allegations contained in paragraphs 1 through 21 of the Complaint with the same force and effect as if set forth fully herein.

23. Schroder denies the allegations contained in paragraph 23 of the Complaint.

24. Schroder denies the allegations contained in paragraph 24 of the Complaint.

25. Schroder denies the allegations contained in paragraph 25 of the Complaint.

26. Schroder denies the allegations contained in paragraph 26 of the Complaint.

27. Schroder denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Schroder denies the allegations contained in paragraph 28 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief can be granted as to one or more Defendants.

### Second Defense

As expressly alleged in the Complaint, Plaintiff was acting as a broker, not a principal, in connection with the COPS.  Therefore, Plaintiff lacks standing to assert the claim in the Complaint.

### Third Defense

This action is premature because damages, if any, to holders of the COPS cannot be determined at this time.

### Fourth Defense

Plaintiff has failed to mitigate its damages.

### Fifth Defense

There has been no breach of any contract by any Defendant in view of Plaintiff's failure to disclose material adverse information concerning the COPS.  Under the circumstances, the parties' reasonable expectations were that Defendants would not bear the risk of a material adverse event.

### Sixth Defense

Any contract entered into by any Defendant and S&Y should be rescinded on the ground of mutual mistake.

**Seventh Defense**

Any contract entered into by any Defendant and S&Y should be rescinded on the ground of failure of consideration.

**COUNTERCLAIM FOR RESCISSION**

Defendant-Counterclaim Plaintiff Schroder Investment Management North America, Inc. ("SIMNA"), for its Counterclaim against Plaintiff-Counterclaim Defendant Stone & Youngberg LLC ("S&Y"), avers and states as follows:

**Parties**

1. SIMNA is a Delaware corporation with its principal place of business in New York, New York. SIMNA is an asset management company which manages international domestic equity and fixed income portfolios for North American clients.

2. On information and belief, S&Y is a California limited liability company with its principal place of business in San Francisco, California. On information and belief, S&Y is registered as a broker-dealer with the SEC and NASD.

**Jurisdiction and Venue**

3. Jurisdiction exists over this counterclaim under, *inter alia*, 28 U.S.C. § 1332 and 1367 and Rule 13(a) of the Federal Rules of Civil Procedure. Venue is proper in this Court because, *inter alia*, a substantial part of the events or omissions giving rise to these counterclaims occurred in this district.

**Facts**

4. As admitted in its Complaint herein, on January 19, 2005, S&Y, acting as a broker, notified SIMNA that certain Certificates of Participation issued by the Government of

Dade City, Florida ("COPS") were available for bidding.  SIMNA submitted a bid for the purchase of 1025 of the COPS and, ultimately, S&Y informed SIMNA that its bid was accepted at $103.15 per $100 face value of the COPS.

5. Prior to submitting its bid for the COPS, and consistent with industry practice, SIMNA sought to determine whether any notices of material events pertaining to the COPS had been posted on any of the nationally-recognized repositories for such notices.  SIMNA located no such notices and was unaware of any material event related to the COPS.

6. On January 6, 2005, The Bank of New York, as trustee, issued a notice regarding an adverse material event regarding the COPS ("the Material Event Notice").  At no time prior to SIMNA's submission of a bid did S&Y advise SIMNA of a material event or that a notice of a material event concerning the COPS had been issued.  S&Y has alleged in its Complaint that it was unaware of the existence of the Material Event Notice at the time it took bids from SIMNA on January 19, 2005.  For purposes of this counterclaim only, SIMNA accepts that allegation as true.

7. In the Material Event Notice, The Bank of New York advised that the lease underlying the COPS would be terminated, constituting an event of termination.  This information was material and had a materially adverse effect on the fair market value of the COPS.  Had SIMNA known of the existence of the material event, it would not have bid on the COPS.

8. Should the Court determine that SIMNA entered into a contract with S&Y to purchase the COPS as alleged in S&Y's Complaint, SIMNA would be entitled to rescission of the alleged contract under the doctrines of mutual mistake and failure of consideration.

WHEREFORE, Defendants SIMNA, Schroder Series Trust, and Schroder Short-Term Municipal Bond Fund respectfully request that the Court dismiss the Complaint in its entirety; should the Court determine that a contract was entered into by SIMNA and S&Y, as principal, Defendant-Counterclaim Plaintiff SIMNA respectfully requests that, on its Counterclaim, the Court grant rescission under the doctrines of mutual mistake and failure of consideration. Defendants and Counterclaim Plaintiff further request that the Court order any such additional relief which it may deem just and proper.

Dated: New York, New York
April 29, 2005

                ROPES & GRAY LLP

                By: S\ Robert S. Fischler
                    Robert S. Fischler (RF 0990)
                    45 Rockefeller Plaza
                    New York, New York 10111
                    Telephone: (212) 841-5700

                    Attorneys for Defendants and Counterclaim-Plaintiff