UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

STONE & YOUNGBERG LLC,                          :
                                                :
                        Plaintiff,              :
                                                :
            -against-                           :
                                                :   05 Civ. 2614 (RJH)
SCHRODER INVESTMENT                             :
MANAGEMENT NORTH AMERICA, INC.,                 :   **JOINT SCHEDULING REPORT**
SCHRODER SERIES TRUST AND                       :
SCHRODER SHORT-TERM MUNICIPAL                   :
BOND FUND                                       :
                                                :
                        Defendants.             :

--------------------------------------------------------x

## JOINT SCHEDULING REPORT

The parties hereby submit this joint scheduling report pursuant to Fed. R. Civ. P. 26(f)

and this Court's March 29, 2005 Initial Scheduling Conference Notice and Order.


I.      Description of the Case

        a.      The attorneys of record are as follows:

                Attorneys for the Plaintiff Stone & Youngberg LLC ("S&Y"):

                        William O. Purcell
                        Jessica L. Jiménez
                        Kirkpatrick & Lockhart Nicholson Graham LLP
                        599 Lexington Ave.
                        New York, NY 10022

Attorneys for the Defendants-Counterclaimants Schroder Investment
Management North America, Inc., ("SIMNA"), Schroder Series Trust (the
"Trust") and Schroder Short-Term Municipal Bond Fund (the "Fund"), referred
herein collectively as "Schroder."

Robert S. Fischler
Ropes & Gray LLP
45 Rockefeller Plaza
New York, NY 10111

b.     Federal subject matter jurisdiction exists under 28 U.S.C. § 1332 in that all named
parties to this action are of completely diverse citizenship and the amount in controversy exceeds
$75,000. Plaintiff is a citizen of California for purposes of jurisdiction and venue (28 U.S.C. §
1391). Defendants-Counterclaimants are citizens of New York in that their principal place of
business is located in this state. SIMNA is a Delaware corporation with its principal place of
business in New York. The Trust is a Massachusetts business trust with its principal place of
business in New York, and the Fund is a series of the Trust with its principal place of business in
New York.

c.     This is an action to enforce an alleged contract between the Plaintiff and
Defendants for the purchase of securities. Plaintiff alleges that Schroder purchased through S&Y
more than a million dollars worth of Certificates of Participation issued by the Government of
Dade City, Florida ("COPS"), in accordance with the agreement between Schroder and S&Y.
Schroder has refused to accept delivery of the securities and has refused to pay for them.
Plaintiff further alleges that the value of the COPS has plummeted and as a result of Defendants'
failure to perform their obligations, S&Y has been damaged by virtue of the steep decline in
value. In their answer, the Defendants denied the material allegations of the complaint.

The Defendants' counterclaim alleges that if the Court were to determine that SIMNA
entered into a contract with S&Y to purchase the COPS, SIMNA would be entitled to rescission
of the contract under the doctrines of mutual mistake and failure of consideration. Defendants

- 2 -

allege that Plaintiff failed to advise Defendants of a material adverse event, which if known to Defendants, would have caused it not to bid on the COPS.

      d.      The major legal issues involved in this action are:

           i)      whether a contract existed between S&Y and Schroder for the purchase of securities;

           ii)      whether there has been a breach of such contract;

           iii)      whether defendants had any basis on which to refuse to perform such contract; and

           iv)      whether any such contract should be rescinded because of mutual mistake or failure of consideration.

The major factual issues involved in this action are:

           i)      whether Schroder directed S&Y to purchase the COPS on Schroder's behalf and agreed to purchase the COPS from S&Y at an agreed upon price and quantity;

           ii)      whether SIMNA received notice prior to its agreement to purchase the COPS, that there would be no continued lease payments (the "Notice") and thus no stream of revenue to fund the COPS, thus undermining their value;

           iii)      whether the Trust received the Notice or the information set forth in the Notice prior to its decision to purchase the COPS;

           iv)      whether the Fund received the Notice or the information set forth in the Notice prior to its decision to purchase the COPS;

           v)      whether S&Y had knowledge of the Notice or the information set forth in the Notice prior to SIMNA placing an order for the COPS;

           vi)      if S&Y had knowledge of the Notice, why S&Y did not advise SIMNA of the Notice or the information set forth in the Notice;

           vii)      whether S&Y performed its obligations pursuant to its agreement with Schroder; and

           viii)      whether Schroder disavowed the alleged purchase of the COPS and refused to pay.

e.       As relief, Plaintiff seeks compensatory damages in a sum to be determined at trial, but believed to be between $750,000 and $1,086,243.75, together with interest, and such other relief as the Court may deem just and proper.

Should the Court determine that a contract existed between SIMNA and S&Y, Defendants-Counterclaimants seek that the Court grant rescission of such contract, and such other relief as the Court may deem just and proper.

II.       Proposed Case Management Plan

a.       There are currently no pending motions.

b.       The parties respectfully propose April 7, 2006 as the deadline for joinder of additional parties.

c.       The parties respectfully propose all amendments to pleadings be filed with the Clerk of Court no later than April 7, 2006.

d.       The parties respectfully propose the following schedule for the completion of discovery:

i)       Rule 26(a)(1) disclosures completed by August 11, 2005.

ii)       Fact discovery completed by December 15, 2005.

iii)       Rule 26(a)(2) disclosure of the identity of Plaintiff's and Defendants' affirmative expert witnesses by January 15, 2006.

iv)       All affirmative experts' reports shall be served upon opposing counsel by February 17, 2006.  All rebuttal experts' reports shall be served upon opposing counsel by March 22, 2006.  Each report shall be accompanied by the curriculum vitae of the proposed expert witness.  Depositions of proposed expert witnesses shall be concluded by April 30, 2006.

e.       The parties respectfully propose that all dispositive motions be filed with the Clerk of Court no later than May 22, 2006.

    f.      The parties respectfully propose that the final pretrial order be filed with the Clerk of Court no later than August 1, 2006.

    g.      The parties respectfully propose the following trial schedule:

        i)      Plaintiff requests a jury trial.  Defendants prefer a bench trial.

        ii)      The trial will last approximately 3 days.

        iii)      The parties will be ready for trial by August 15, 2006.

III.    <u>Consent to Proceed Before a Magistrate Judge</u>

    The parties do not consent to proceed before a Magistrate Judge.

IV.    <u>Status of Settlement Discussions</u>

    a.      Defendants have made a settlement offer.

    b.      Plaintiff has not yet responded.

    c.      The parties do not request a settlement conference at this time.

Dated: New York, New York
       July 25, 2005

KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP


By: _William O. Purcell_/jj
    William O. Purcell (WP 5001)

    599 Lexington Avenue
    New York, New York 10022
    Telephone: (212) 536-3900

    Attorneys for Plaintiff


ROPES & GRAY LLP


By: _____
    Robert S. Fischler (RF 0990)

    45 Rockefeller Plaza
    New York, New York 10111
    Telephone: (212) 841-5700

    Attorneys for Defendants